**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**AMBERIA MORTON**                                                                                                  **PLAINTIFF**

**VS.**                                                                      **CIVIL ACTION NO. 3:21-CV-224-HTW-LGI**

**UMMC**                                                                                                      **DEFENDANT**

**REPORT AND RECCOMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before the Court *sua sponte* is *pro se* plaintiff Amberia Morton's ("Morton") Complaint, *see* 28 U.S.C. § 1915(e)(2), which was filed on April 2, 2021. In her complaint, Morton made the following allegations:

> My complaint is about falsifying medical records. My x-rays aren't showing the bones that are broken. The exams are being switched and covered up. My blood tests are misread and covered up as well. I cannot cover medical expenses and my taxes (refunds) shouldn't be taken away from me. I have been denied surgery after several attempts. I have been turned away from x-ray services (cannot view them) and some testing. I am sure my blood tests aren't being read with truth and clarity due to the ongoing symptoms. I need surgery on whole right side of body and possibly some on left side. My complaint is against all three Hospitals.

Doc. [1], at 2. On July 8, 2021, the Court conducted a screening hearing to allow Morton to expound on the allegations in her Complaint. Morton attended the hearing in person. On the same date, Morton was granted *in forma pauperis* ("IFP") status. Doc. [13]. However, issuance of summons and service of process was stayed pending further order of the Court. *Id.*

**I.**      **Facts**

At her screening hearing, Morton took the opportunity to fully flesh out the allegations in her Complaint. Those facts are as follows:

In the summer of 2017, Morton fell, and her foot got caught injuring the right side of her body. Morton immediately went to the UMMC Grenada County Crisis Center and was seen by a

doctor[1], but Morton claims she could not get help at the hospital, and she could not get surgery. Morton was referred to another doctor, identified as Dr. Stecca, in the same UMMC Grenada County Crisis Center facility. Morton claims the second doctor also refused to provide her x-rays and refused services. Morton alleges she also went to a UMMC emergency room in New Orleans, Louisiana. Morton does not have medical records for her alleged New Orleans visit. Most recently, Morton recalled visiting a UMMC location in Jackson, Mississippi. Morton testified that a nurse in the Jackson facility told Morton that x-rays had been taken previously, but Morton believes the x-rays are falsified. Morton asserted at the hearing that she is not claiming monetary damages; rather, Morton is seeking a "whole body" x-ray, surgery, and prosthetics.[2]

## II.    Analysis

On its own motion, the Court considers whether it has jurisdiction to hear this case, mindful that subject-matter jurisdiction "must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (citations omitted). The Court finds the record in this case fails to affirmatively indicate a basis for subject matter jurisdiction.

Additionally, the Court must dismiss an *in forma pauperis* complaint when the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

1 Morton could not recall the first doctor's name.

2 On July 12, 2021, Plaintiff filed a *Motion of Relief Sought/ Nature of Lawsuit for Injuries and Damages*, in which Plaintiff sets forth an array of monetary damages. The Court will construe this Motion as Plaintiff's attempt to amend her complaint to include an *ad damnum* clause.

Here, the first and second conditions are satisfied. The Court finds that the action is subject to dismissal because it is frivolous and fails to state a claim.

The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2). *Id.*

### A.     Lack of Jurisdiction

#### i.     Law

Federal courts are courts of limited jurisdiction. Unlike state courts, federal courts have no inherent or general subject-matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: Those involving diversity of citizenship, federal questions, or where the United States is a party to an action. *Kokkonen v. Guardian Life Insur. Co.*, 511 U.S. 375, 377 (1994). Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of any case. *See Ruhrgas*, 526 U.S. at 582-83. The Court may *sua sponte* raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990) (see also *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir.1999)).

ii.     Application

The record in this case fails to affirmatively indicate a basis for subject matter jurisdiction. In Morton's Civil Cover Sheet, Plaintiff did not mark a basis of jurisdiction. *See* Doc. [1-1]. Morton's Complaint alleges that "The defendant 'UMMC owner' is an adult resident of the County of 'Greneda, Jackson, and New Orleans,' State of 'Mississippi and Louisiana.'" Doc [1]. Morton also claims her "complaint is against all three Hospitals." At her screening hearing, Morton identified Defendant "UMMC" as the University of Mississippi Medical Center. The Court takes judicial notice that the University of Mississippi Medical Center does not have an establishment in New Orleans, Louisiana. There is no diversity jurisdiction because Plaintiff Morton and Defendant UMMC are residents of the same state, Mississippi.

Further, in her Civil Cover Sheet, Plaintiff marked the nature of suit as "Health Care/Pharmaceutical Personal Injury Product Liability." *Id.* Nowhere in the Complaint does Plaintiff set forth a factual basis for federal jurisdiction. When a basis for subject matter jurisdiction cannot be discerned from the allegations of the Complaint, the Court is unable to exercise jurisdiction to consider the merits of the case. See *Ruhrgas*, 526 U.S. at 583. Accordingly, the undersigned recommends this case be dismissed without prejudice.

B.     **Frivolousness of Claim**

i.     Law

When a plaintiff is travelling *in forma pauperis* under Section 1915, her Complaint is subject to increased oversight by the Court. *See*, *e.g.*, *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97–98 (5th Cir. 1994). Relevant here, under Section 1915(e)(2), "the court shall dismiss the case *at any time* if the court determines that . . . (B) the action . . . (i) is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i) (emphasis added). For purposes of Section 1915(e)(2)(B)(i), a complaint

is "frivolous" when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1977). The statute also accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

### ii. Application

Here, after liberally construing Morton's Complaint, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it is clear that Morton's allegations fall within the class of cases that are "completely baseless" insofar as Morton's claims "lack an arguable basis either in law or in fact." *See Denton*, 504 U.S. at 31. Indeed, Morton alleges the x-rays taken by UMMC are "falsified and covered up" and she requires a full body x-ray and prosthetics for her limbs. *See* Doc [3], at 2. Despite UMMC personnel sharing the x-ray results with Morton, she believes her bones are broken. *Id.* For these reasons, Morgan's Complaint is frivolous, and the undersigned recommends this Complaint be dismissed without prejudice.

### C. Failure to State a Claim upon which Relief can be Granted

### i. Law

The Court must dismiss a complaint when the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Under Federal Rule of Civil Procedure 8(a)(2), a

complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court in *Iqbal* established a two-pronged approach when deciding whether a complaint contains sufficient factual allegations to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 679. First, it should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Second, "[if] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

The Plaintiff is prosecuting this case *pro se*. Therefore, her pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997); *see also Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("A *pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true.").

      ii.    **Application**

Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted. In the instant complaint, Morton asserts that her "x-rays aren't showing the bones that are broken," her "blood tests are misread and covered up," and believes "the exams are being switched and covered up." Doc. [1], at 2. Liberally construing the Complaint, the Court finds that it does not state a claim upon which relief may be granted. Such conclusory and vague allegations are insufficient to survive a motion to dismiss fail to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its

face."); *see also Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (stating that conclusory allegations will not suffice to prevent a motion to dismiss). Thus, the undersigned recommends Morton's complaint be dismissed for failure to state a claim on which relief may be granted.

### III. Conclusion

For these reasons, the undersigned recommends that this Complaint should be dismissed without prejudice because Plaintiff has failed to establish federal jurisdiction. The undersigned further recommends that this Complaint should be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous and for failing to state a claim on which relief may be granted.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within fourteen (14) days after service of this report and recommendation. Plaintiff is hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 14th day of July, 2021.

    /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE